*Griffith-Fenton v. Chase Home Finance*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

Beverley Griffith-Fenton,

> *Plaintiff-Appellant,*

> v.                                            12-3357

MERS, *et al.*,

> *Defendants,*

Chase Home Finance, LLC, *et al.*,

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**        Beverley Griffith-Fenton,
                                    *pro se*, Middletown, NY.

**FOR DEFENDANTS-APPELLEES:**       Cynthia Ann Augello, Esq.,
                                    Cullen and Dykman, LLP,
                                    Garden City, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Beverley Griffith-Fenton, *pro se*, appeals from a final judgment dismissing her complaint alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.;* the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.;* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.;* the Home Affordable Modification Program, and various state laws, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(6) and § 1915(e)(2). *See Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 715 (2d Cir. 2011); *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). After an independent review of the record and relevant case law, we affirm for substantially the same reasons

articulated by the district court judge in his well-reasoned decision entered May 30, 2012.

We have considered all of Appellant's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

3